1839.
HEWLETT
v.
DAVIS.
cure the property in the hands of a proper trustee other than the husband. Having suffered him to enjoy the use of it and to hold himself out to the world as ostensibly the owner without notice or any appearance of a trust attached to it and to acquire credit on the strength of a supposed ownership, she must be considered as waiving her equitable right to regard the furniture as her separate property, especially as she cannot, from the long use and changes which have taken place, undertake now to identify the articles bequeathed to her as such.

I am of opinion that the injunction must be dissolved. Costs to abide the event.

---

### Hewlett v. Davis and others.

On a master's sale, which reserves to the master a right to consider the biddings open until the deposit is paid, no sale can be enforced where the purchaser refuses to pay the deposit or sign an acknowledgment; and no order for a resale is necessary—the master will go on as if no sale had taken place.

---

Sept. 11,
1839.

Practice.
Master's
sale.
Motion for a resale. It was a case of foreclosure and master's sale.. After the property had been knocked down, the purchaser refused to pay the deposit or sign a memorandum. The premises were sold under the usual terms of masters' sales, which run as follows:

"Terms of sale of the premises described in the annexed notice.

"Ten per cent. of the purchase money is to be paid to the master at the time of sale, and the residue, at his office, No.—— —————— street, in the city of New York, on the ————— day of ————— when, or as soon thereafter as the decree under which the sale is made shall be enrolled, the deed will be ready for delivery. The auctioneer's fees of ————— dollars for each parcel separately sold is to be paid to him by the purchaser, at the time of sale, in addition to the sum bidden; and the master reserves the right to keep the biddings open until

the ten per cent. and the auctioneer's fees shall be paid. The master knows of no liens or incumbrances on the premises.

"All taxes and assessments, if any, which are now liens on the premises, and of the particulars of which the purchaser shall give written notice to the master previous to the delivery of the deed, are to be paid out of the purchase money."

Mr. *C. Taylor,* for the motion.

Mr. *C. C. King* and Mr. *Ingraham,* contra.

THE VICE-CHANCELLOR :—In this case it does not appear that the auctioneers booked the name of the suggested purchaser. I do not consider that it runs parallel with *McComb* v. *Wright,* 4 J. C. R. 659, especially as there the party had signed the contract and paid the deposit ; for here, neither of these things was done. And the very conditions of sale reserve to the master the right to keep the biddings open until the ten per cent. was paid. Here was no sale which this court could enforce. No order for a resale is necessary, for there has been no sale. The master could have proceeded and can still proceed and sell the property, on a new advertisement, under the decree. It is, however, a case in which the purchaser ought not to have costs.